UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROMERO M. THOMAS-EL,
#684159,

      Plaintiff,                           Civil Action No. 20-CV-10128

                                        HON. BERNARD A. FRIEDMAN

vs.

DOUGLAS SMITH, et al.,

      Defendants.
_____/

**OPINION AND ORDER OF PARTIAL DISMISSAL**

        Plaintiff, a Michigan prison inmate, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and several other federal statutes. The Court has granted him leave to proceed without prepayment of the filing fee. In his complaint, as amended, plaintiff raises claims concerning his security classification and prison transfer, the handling of his grievances, and retaliation. The complaint names the Jackson Deputy Warden Douglas Smith, Jackson Assistant Deputy Warden Jeremy Howard, former Jackson Warden Shawn Brewer, Jackson Assistant Resident Unit Supervisor ("ARUS") Michelle L. Parsons, current Jackson Warden Anthony H. Stewart, Jackson Grievance Coordinator McCumber-Hemry, Michigan Department of Corrections ("MDOC") Grievance Manager Richard D. Russell, Jackson Inspector S. Bailey, Jackson Administrative Assistant K. Napier, MDOC Correctional Facilities Administration ("CFA") Deputy Director Robin Gilbert, Jackson Assistant Resident Unit Manager ("ARUM") V. McCabe, MDOC CFA Deputy Director Keith McKee, and MDOC Regional Administrator Lloyd Rapelje. Plaintiff seeks injunctive relief and damages.

Having reviewed the complaint, the Court shall dismiss it in part pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted and on the basis of immunity.

***Legal Standards***

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Fed. R. Civ. P. 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, plaintiff must allege that the deprivation of his rights was intentional. *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). With these standards in mind, the Court concludes that the plaintiff's complaint is subject to summary dismissal in part.

***Procedural Due Process***

Plaintiff alleges that defendants Smith, Howard, Parsons, McCabe, Napier, Brewer, Stewart, Gilbert, and McKee violated his procedural due process rights because he was given a Level 5 security classification, transferred to another prison, and put in administrative segregation without an opportunity to be present and submit argument at an administrative hearing.

The Federal Due Process Clause "protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). A prisoner does not have a constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78,

88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 228–29 (1976); *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003).  A prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Harbin–Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005).

Likewise, confinement in segregation generally does not constitute an "atypical and significant" hardship, *see, e.g., Hudson v. McMillian*, 503 U.S. 1, 9 (1992), except in "extreme circumstances, such as when the prisoner's complaint alleges that he is subject to an indefinite administrative segregation" or that such confinement was excessively long in duration without justification. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010); *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003).  In this case, plaintiff does not allege that he is being held in administrative segregation indefinitely or that he was held in administrative segregation for an excessively long period of time without justification.

*In Rimmer–Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995), the Sixth Circuit reviewed a Michigan prisoner's claim that the mandatory language of the MDOC's regulations created a liberty interest that he receive notice and a hearing before being placed in administrative segregation.  The court held that regardless of the mandatory language of the prison regulations, the inmate did not have a liberty interest because his placement in administrative segregation did not constitute an atypical and significant hardship within the context of his prison life.  Without a protected liberty interest, a plaintiff cannot successfully claim that his due process rights were violated because "[p]rocess is not an end in itself." *Olim*, 461 U.S. at 250.  Because plaintiff does

not have a constitutionally protected liberty interest in being incarcerated in a particular prison, being held in a particular security classification, or being free from placement in administrative segregation, he fails to state a viable federal procedural due process claim.

### Grievances and Complaints

Plaintiff also alleges that defendants Smith, Howard, McCumber-Hemry, Bailey, Napier, Brewer, and Russell violated his constitutional rights by mishandling and/or denying his complaints and grievances.

The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances."  While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances.  *See Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  An inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure.  *See Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003).  Michigan law also does not create a liberty interest in the grievance procedure.  *See Olim*, 461 U.S. at 249; *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001).  Thus, to the extent that plaintiff is dissatisfied with the investigation of his complaints and the responses to his grievances, he fails to state a claim upon which relief may be granted in his complaint.  *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009).

Plaintiff further asserts that these defendants acted negligently with respect to the handling of his grievances and complaints.  As noted above, however, that allegations of negligence are insufficient to state a claim under § 1983.  *See, e.g., Collins v. City of Harker Hgts*., 503 U.S. 115, 127-28 (1992); *Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co., Tenn.,* 34 F.3d 345, 348 (6th Cir. 1994).

Additionally, to the extent that plaintiff seeks to sue any of the defendants based upon their supervisory roles over others defendants, he fails to state a claim upon which relief may be granted.  A civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability.  *See Monell v. Dep't of Soc. Svs*., 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  Any assertion that one or more of the defendants failed to supervise an employee, should be vicariously liable for an employee's conduct, and/or did not sufficiently respond to the situation are insufficient to state a claim under § 1983.  Thus, to the extent that plaintiff alleges that the aforementioned defendants, or any others, should be liable for another individual's conduct, he fails to state a claim upon which relief may be granted.

### *Retaliation*

Plaintiff next alleges that defendants Smith, Howard, Parsons, Napier, Brewer, Stewart, Gilbert, and McKee violated his First Amendment rights by retaliating against him for filing grievances when they increased his security classification, transferred him to another prison, and placed him in administrative segregation.  Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  To state a First Amendment retaliation claim, plaintiff must allege that (1) he

6

was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Id*.  Plaintiff must also show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff makes the required allegations.  His claims against defendants Smith, Howard, Parsons, Napier, Brewer, Stewart, Gilbert, and McKee concerning alleged retaliation are thus not subject to summary dismissal.

*State Law/Policy*

Plaintiff also alleges violations of state law and policy.  For example, he asserts that defendants Smith, Howard, McCumber-Hemry, Bailey, Napier, Brewer, and Russell violated the Michigan Constitution and acted with gross negligence in violation of Mich. Comp. Laws § 691.1407 by mishandling his grievances and complaints.  He also asserts that defendants Smith, Howard, Parsons, McCabe, Napier, Brewer, Stewart, Gilbert, and McKee violated his due process rights under the Michigan Constitution because he was given a Level 5 security classification, transferred to another prison, and put in administrative segregation without an opportunity to be present and submit argument at an administrative hearing.

Claims under § 1983 can only be brought for "deprivation of rights secured by the constitution and laws of the United States."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).  Section 1983 claims may not be based upon alleged violations of state law, nor may federal courts order state officials to comply with state law.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465

U.S. 89, 106 (1984).  Section 1983 does not provide redress for violations of state law.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  Plaintiff's assertions that the defendants violated state law and/or policy thus fail to state a claim upon which relief may be granted under § 1983.

To the extent that plaintiff seeks to pursue such claims under state law, the court must consider whether to exercise supplemental jurisdiction over the claims.  When making this determination, the Court "should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues."  *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).  Having considered these factors, the Court finds that they weigh against the exercise of supplemental jurisdiction.  Accordingly, the Court declines to consider the plaintiff's pendant state law claims and shall dismiss them without prejudice.

### Claims Against Lloyd Rapelje

As part of his amended complaint, plaintiff added MDOC Regional Administrator Lloyd Rapelje as a defendant in this action.  As noted above, a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983.  Plaintiff fails to offer any facts explaining what Rapelje allegedly did or did not do to violate his federal constitutional rights.  Plaintiff merely asserts that it is probable that Rapelje's name will come up during discovery.  Such conclusory allegations are insufficient to state a civil rights claim under § 1983.  No claim is stated as to Rapelje.

### Claims Under 42 U.S.C. §§ 1985, 1986, 1988, and 1997d

Plaintiff also seeks to bring claims pursuant to federal statutes other than § 1983,

namely 42 U.S.C. §§ 1985, 1986, 1988, and 1997d.  The Court shall dismiss these claims.  To maintain a cause of action under 42 U.S.C. § 1985, plaintiff must allege the following elements:

> (1) a conspiracy involving two or more persons;
> (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and
> (3) an act in furtherance of the conspiracy; and
> (4) which causes injury to a person or property, or the deprivation of any right or privilege of a citizen of the United States.

*Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998).  Plaintiff must also allege that the conspiracy was motivated by racial or other class-based animus, *see Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996), and plead a conspiracy with particularity.  *See Twombly*, 550 U.S. at 565/

In the present case, plaintiff's allegations of conspiracy are conclusory and speculative.  He does not allege that he is a member of a protected class, and prisoners are not a suspect class for purposes of equal protection.  *See Jackson v. Jamrog*, 411 F.3d 615, 619 (2005); *Wilson v. Yaklich*, 148 F.3d 596-604 (6th Cir. 1998).  Plaintiff does not allege facts which show that the defendants entered into an agreement to violate his rights or that they were motivated by racial or other class-based animus.  His conspiracy claim amounts to "an allegation of parallel conduct and a bare assertion of conspiracy," which "will not suffice."  *Twombly*, 550 U.S. at 556.  Plaintiff fails to state a conspiracy claim under § 1985.

Because the plaintiff fails to state a claim under  § 1985, he cannot prevail on his claim under 42 U.S.C. § 1986.  "Section 1986 is designed to punish those who aid and abet violations of § 1985."  *Browder v. Tipton*, 630 F.2d 1149, 1154 (6th Cir. 1980).  Where there is no § 1985 violation, there can be no violation of § 1986.  *Id*.  Plaintiff therefore fails to state a  § 1986 claim.

Nor can plaintiff proceed under 42 U.S.C. § 1988.  Section 1988 allows a federal

Court to award the prevailing party in a civil rights action reasonable attorney fees as part of costs. It does not create a separate federal cause of action for a civil rights violation. *See Henderson v. Reyda*, 192 F. App'x 392, 397 (6th Cir. 2006). Plaintiff therefore fails to state a claim upon which relief may be granted under § 1988.

Finally, plaintiff cannot proceed on any claim under 42 U.S.C. § 1997d. Section 1997d prohibits retaliation against persons who report conditions that may violate the Civil Rights of Institutionalized Persons Act. It does not create a private right of action for an individual. *See Perry v. Abramson, et al.*, No. 2:18-CV-148, 2018 WL 6264829 (W.D. Mich. Nov. 30, 2018). Plaintiff therefore fails to state claim upon which relief may be granted under § 1997d.

### *Immunity*

Plaintiff's complaint must also be dismissed, in part, on the basis of immunity. Plaintiff is suing the defendants, all of whom are MDOC employees, in their official capacities and seeks monetary damages.

The Eleventh Amendment bars suits against a state and its agencies and departments unless the state has waived its immunity and consented to suit or unless Congress has abrogated that immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and Congress did not abrogate state sovereign immunity when it passed § 1983. *See Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies." *McCormick v. Miami Univ.*, 693 F.3d 654, 661

(6th Cir. 2012).  Eleventh Amendment immunity applies to state employees who are sued in their official capacities.  *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010).

In the present case, defendants are MDOC employees who are sued in their official capacities (as well as their personal capacities).  The plaintiff's claims for monetary damages against the defendants in their official capacities must therefore be dismissed.

**Conclusion**

For the reasons stated above,

IT IS ORDERED that all of plaintiff's federal claims are dismissed except his First Amendment retaliation claim against defendants Smith, Howard, Parsons, Napier, Brewer, Stewart, Gilbert, and McKee.  Even as to these defendants, the complaint is dismissed insofar as plaintiff is suing them in their official capacities.

IT IS FURTHER ORDERED that plaintiff's state-law claims are dismissed without prejudice pursuant to § 1367.

IT IS FURTHER ORDERED that the Clerk of Court terminate this action as to defendants McCumber-Hemry, Russell, Bailey, McCabe, and Rapelje, as no claims remain pending as to them.

s/Bernard A. Friedman_____
Bernard A. Friedman
Senior United States District Judge

Dated: April 16, 2020
Detroit, Michigan

11

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 16, 2020.

Romero Monte Thomas #684159                    s/Johnetta M. Curry-Williams
Baraga Maximum Correctional Facility           Case Manager
13924 Wadaga Road
Baraga, MI 49908