UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROMERO MONTE THOMAS-EL,

                Plaintiff,                Civil Action No. 20-10128

v.                                          Bernard A. Friedman
                                              U.S. District Judge

DOUGLAS SMITH, *et al.*,

                                              David R. Grand
                Defendants.         U.S. Magistrate Judge
_____/

### REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 87)

**Background**

Plaintiff Romero M. Thomas-El ("Thomas-El"), a Michigan inmate, brings this action pursuant to 42 U.S.C. § 1983 and several other federal statutes, alleging principally that he was denied due process in connection with administrative hearings that resulted in his placement at a "level five security classification to administrative segregation" within the "Baraga Max" facility, and that he was retaliated against for filing grievances. (ECF Nos. 14, 14-1.) Following certain pretrial rulings, the remaining defendants in this case are Michigan Department of Corrections employees Douglas Smith, Jeremy Howard, Shawn Brewer, Michelle Parsons, Anthony Stewart, "K. Napier," Robin Gilbert, and Kenneth McKee. (*Id.*, ECF No. 12.) All pretrial matters were referred to the undersigned on May 27, 2020, pursuant to 28 U.S.C. § 636(b). (ECF No. 18.)

Presently before the Court is Thomas-El's motion for default judgment against defendant Gilbert, who was a Deputy Director of the Correctional Facilities Administration

1

(CFA) during the time in question. Thomas-El seeks entry of a default judgment against Gilbert pursuant to Fed. R. Civ. P. 55(b). Thomas-El's motion seems to grow out of the fact that although MDOC attorney, Joseph Yung-Kuang Ho, filed an appearance for the other named defendants on January 19, 2021, no appearance was filed at that time for defendant Gilbert. (ECF No. 44.)

On the same day that attorney Ho filed his appearance, the appearing defendants filed a motion for summary judgment. (ECF No. 46.) Ultimately, attorney Ho filed an appearance on Gilbert's behalf on March 30, 2021, and Gilbert then joined in the summary judgment motion the other defendants had filed. (ECF Nos. 74, 79.) For the reasons set forth below, Thomas-El's motion for default judgment against defendant Gilbert lacks merit and should be denied.

**Discussion**

Thomas-El's motion for default judgment is both procedurally and substantively improper. First, the law is clear that the entry of a default under Fed. R. Civ. P. 55(a) is a prerequisite to entry of a default judgment under Fed. R. Civ. P. 55(b). *See Lewis v. Detroit Pub. Sch.*, No. 12-11851, 2013 WL 5785777, at *2 (E.D. Mich. May 6, 2013); *Colston v. Cramer*, No. 07-12726, 2008 WL 559579, at *2 (E.D. Mich. Feb. 26, 2008) (noting that the court follows "the majority of courts" holding that Rule 55 "requires a clerk's entry of default before a court can enter a default judgment."). Here, no default has been entered against Gilbert, and thus it would be inappropriate to grant Thomas-El's motion for default judgment against her. *Id.*

Second, Thomas-El has not shown that the entry of a default, let alone a default

judgment, would be proper in this case. Pursuant to Rule 55(a), the clerk may enter a party's default only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise …." Here, Thomas-El has not shown that Gilbert failed to timely appear in the action, and even if counsel should have filed an appearance on her behalf when he filed an appearance for the other defendants, that issue has been cured and defendant Gilbert has clearly indicated her intention to defend against Thomas-El's claims. Indeed, as noted above, Gilbert promptly joined in the other defendants' summary judgment motion. Thus, any tardiness by Gilbert did not prejudice Thomas-El in the least.

In short, because defendant Gilbert has neither failed to plead or otherwise defend in this action, Thomas-El has not shown entitlement to a default, let alone a default judgment. Accordingly, his motion for default judgment against Gilbert lacks merit and should be denied.

## Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that Thomas-El's Motion for Default Judgment **(ECF No. 87)** be **DENIED**.

Dated: June 22, 2021                     s/ David R. Grand
                                         DAVID R. GRAND
                                         UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and

recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 22, 2021.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
