UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROMERO MONTE THOMAS-EL,

        Plaintiff,

v.

DOUGLAS SMITH, *et al.*,

        Defendants.

_____/

Civil Action No. 20-10128

Bernard A. Friedman
United States District Judge

David R. Grand
United States Magistrate Judge

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND A TEMPORARY RESTRAINING ORDER (ECF No. 91)

*Pro se* plaintiff Romero M. Thomas-El ("Thomas-El"), who currently is incarcerated at the Michigan Department of Corrections' ("MDOC") Baraga Maximum Correctional Facility ("Baraga"), appears *pro se* in this matter, which he commenced on January 17, 2020. (ECF No. 1.)[1] Thomas-El brings this civil rights action pursuant to 18 U.S.C. § 1983 against various Michigan Department of Corrections (MDOC) officials who were working at the G. Robert Cotton Facility (JCF) during Thomas-El's imprisonment there. The case grows out of these officials' alleged wrongful transfer of Thomas-El to Baraga in retaliation for his filing of grievances against defendant Douglas Smith.

Presently before the Court is Thomas-El's Motion for a Preliminary Injunction and a Temporary Restraining Order. (ECF No. 91.) That motion principally concerns

---

[1] Pursuant to 28 U.S.C. § 636(b), all pretrial matters in this action have been referred to the undersigned. (ECF No. 18.)

treatment by Regina Kemp, a prison librarian at Baraga who is not named as a defendant in Thomas-El's complaint. Specifically, Thomas-El alleges that Kemp denied him the ability to photocopy "a thirty eight page prison itinerary of a prior correctional facility" and took possession of his "expired [JCF] itineraries." (ECF No. 91, PageID.1256-57.) Because the Motion does not concern any named Defendants, Thomas-El's Motion for a Preliminary Injunction and a Temporary Restraining Order should be denied.

## I.     Background[2]

Thomas-El is a prisoner within the MDOC. The events alleged in the underlying complaint took place in the MDOC's JCF facility. Thomas-El's complaint, which he filed on January 17, 2020, centers around his allegation that, after he filed a grievance in March 2017 against MDOC Defendant Smith (JCF-17-03-0681-27a), a deputy warden at the JCF facility, the Defendants then increased his security classification, placed him in administrative segregation, and transferred him to another facility (Baraga) in April 2017. (ECF No. 1, 14.) Thomas-El then filed the grievance underlying this case in May of 2017 (JCF-17-05-1087-27B), alleging that these actions by Defendants were done in retaliation for his filing of grievance JCF-17-03-0681-27a against Defendant Smith.

Thomas-El filed the instant motion on April 21, 2021. The motion concerns allegations of mistreatment by officials at his current facility, Baraga. Specifically, Thomas-El alleges that a librarian at Baraga, Regina D. Kemp, denied him the ability to photocopy "a thirty eight page prison itinerary of a prior correctional facility" and took

---

[2] The following information is set forth as alleged in Thomas-El's complaint and his Motion for a Preliminary Injunction and a Temporary Restraining Order.

possession of his "expired [JCF] itineraries." (ECF No. 91, PageID.1256-57.) According to Thomas-El, Kemp told him that MDOC Policy Directive 04.04.130, ¶ Q, prohibits inmates from possessing expired prison itineraries. (*Id.*, PageID.1257.) Thomas-El does not necessarily dispute Kemp's interpretation of the Policy Directive, but contends that the itineraries are relevant to his claims in this litigation and that their confiscation "impedes [his] First Amendment rights of access to the courts." (*Id.*). Thomas-El contends that on October 27 2020, the itineraries "were destroyed by [Baraga] staff." (*Id.*, PageID.1259.) However, Thomas-El admits that copies of the itineraries exist; indeed, he asserts they are docketed at ECF No. 11 in one of his other cases in this Court, Case No. 19-cv-11554. (*Id.*, PageID.1256.)

Thomas-El also alleges in his instant motion that an MDOC officer at Baraga, Officer Sohlden, referred to him using racial slurs on one occasion, and on another occasion, while inspecting his cell, tore in half a motion to compel that was previously docketed in this case. (*Id.*, PageID.1260-61) (citing ECF Nos. 48 and 50.)

In terms of relief, Thomas-El asks the Court to enter "a 90-day temporary restraining order against Regina D. Kemp; Nate Hoffman; Kristopher-Taskilla-Warden;[3] and C/O Sohlden" to prohibit them from "confiscating and destroying [his] offender daily schedules, expired hall passes and all other relevant documentation reasonably related to (JCF) G. Robert Cotton Correctional Facility and all other documents related to on going [sic] litigation matters regarding [this case] (*Id.*, PageID.1262.) He also asks the Court "to

---

[3] Thomas-El's motion contains no averments whatsoever regarding a Nate Hoffman or Kristopher-Taskilla.

3

instruct MDOC officials to refrain from making and keeping photo copies of these documents in order to share these records with the Michigan Attorney Generals [sic] Office" as this would give the Attorney General a "tactical advantage" over Thomas-El. (*Id.*, PageID.1262-63.)

## II. Legal Standards

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council*, 505 U.S. 7, 22 (2008). Generally, when deciding on a motion for preliminary injunctive relief, the Court balances the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (internal citations omitted).

Although the Court must balance these factors, the movant's failure to establish a likelihood of success on the merits or irreparable harm is usually fatal. *See CLT Logistics v. River West Brands*, 777 F.Supp.2d 1052, 1064 (E.D. Mich. 2011). A preliminary injunction should be granted "only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Id.* Moreover, in considering whether to grant a preliminary injunction, the Court should bear in mind that the purpose of injunctive relief is "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Thus, "[a] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in

4

the complaint." *Colvin v. Caruso*, 605 F.3d 282, 299–300 (6th Cir. 2010) (quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir.1994)). Thus, generally, the "Court cannot enjoin non-parties from taking action based on allegations and claims not presented in the pleadings." *Schmidt v. WaterStone Bank SSB*, No. 18-CV-863-JPS-JPS, 2019 WL 5843662, at *1 (E.D. Wis. June 4, 2019). *See also Beasley v. Westbrooks*, No. 3:16-CV-03010, 2018 WL 272682, at *5-7 (M.D. Tenn. Jan. 3, 2018).

### III. Analysis

Thomas-El's instant motion for injunctive relief should be denied for two reasons: (1) because he has not shown a strong likelihood of success on the merits or irreparable injury; and (2) because he asks the Court to restrain the conduct of non-parties regarding matters only tangentially related to the claims raised in his complaint.

### a. *Thomas-El Has Not Shown a Strong Likelihood of Success on the Merits or Irreparable Injury*

Although the allegations Thomas-El makes in his instant motion are concerning, he has not shown a substantial likelihood of success on their merits. Thomas-El simply presents his own self-serving accusations about a prison librarian confiscating his old prison itineraries and another prison guard harassing him by calling him extremely offensive names and by tearing his previously-filed motion to compel (ECF No. 48) and proof of service (ECF No. 50) in half. Moreover, at least as to the expired itineraries, Thomas-El admits that librarian Kemp confiscated them pursuant to an existing MDOC Policy Directive. He provides only a conclusory assertion, without any analysis or citation to legal authority, that Kemp's decision to follow the Policy Directive, as opposed to

Thomas-El's wishes, was wrongful.[4]  This approach ignores the Supreme Court's admonishment in *Turner v. Safley*, 482 U.S. 78, 84-85 (1987), that "[r]unning a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.  Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.  Where a state penal system is involved, federal courts have [] additional reason to accord deference to the appropriate prison authorities." *See also Bell v. Wolfish*, 441 U.S. 520, 562 (1979) (courts must give great deference to jail administrators as to prison operations to avoid becoming "enmeshed in the minutiae of prison operations.").  Again, Thomas-El has not meaningfully explained why the Court should fault librarian Kemp for following MDOC policy.

Nor has Thomas-El established irreparable injury as a result of the acts he complains about.  Thomas-El has not explained his need for either the itineraries or his prior motion to compel.  Moreover, the documents at issue are not lost; he admits that the itineraries are on the Court's docket in his prior case, and the motion to compel and proof of service are on the Court's docket in this case.  Thomas-El's frequent and voluminous filings also belie any contention that the alleged conduct has deterred him from pursuing his claims in this case.

---

[4] The Court notes that Thomas-El has apparently already moved his complaint against Kemp through the MDOC's internal grievance system.  His Step III appeal was denied, with the decision stating that the "issue was in fact considered, investigated, and a proper decision was rendered." (ECF No 91, PageID.1276.)

6

For these reasons alone, Thomas-El's instant motion should be denied.

### b. It Would be Improper for the Court to Enjoin Conduct of the Non-Parties Identified by Thomas-El

"A party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted *in the complaint*." *Caruso*, 605 F.3d at 299–300 (quoting *Devose,* 42 F.3d at 471) (emphasis added)).  Thus, generally, the "Court cannot enjoin non-parties from taking action based on allegations and claims not presented in the pleadings." *Schmidt*, 2019 WL 5843662, at *1.  *See also Beasley*, 2018 WL 272682, at *5-7.  The facts in *Beasley* are extremely analogous to Thomas-El's and that case supports the conclusion that it would be improper for this Court to enjoin the non-parties identified in Thomas-El's instant motion.

*Beasley* involved an inmate who filed a complaint in federal court alleging unlawful retaliation by certain prison officials.  Thereafter, Beasely alleged "a pattern of continued retaliation at the hands of prison officials" that he claimed was impeding his ability to litigate the underlying action.  Many of Beasley's allegations in that regard were very similar to Thomas-El's.  For instance, Beasley alleged "stolen or destroyed papers, including legal materials, retaliation for complaining about stolen or destroyed papers, lack of access to the law library, and mail tampering."  Beasley then moved for a preliminary injunction against the prison officials he had accused of this conduct, none of whom were defendants in the underlying litigation.  In denying that motion, the court explained:

> "'The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint.'"  []  As

such, "'a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" []

*Devose* illustrates this rule. There, a prisoner claimed that prison officials had provided inadequate medical care for injuries sustained during transport. [] The prisoner "later sought a preliminary injunction, contending prison officials had filed trumped-up disciplinary charges against him because of [the] lawsuit and were making him perform work duties beyond his capabilities." [] The Eighth Circuit explained that the prisoner's motion was "based on new assertions of mistreatment" that were "entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit." [] The Court held that while the new assertions may have supported "additional claims against the same prison officials," they could not "provide the basis for a preliminary injunction in [the same] lawsuit." []

The same is true here. Beasley's complaint . . . is primarily about Westbrooks' improper handling of writing on Beasley's cell door, an unfair disciplinary charge relating to that writing, an unfair disciplinary proceeding relating to that charge, and McClure's retaliation for Beasley's inquiry about grievances apparently related to Westbrooks' conduct, the charge, and the proceeding. This all occurred in July 2016 or within a few months thereafter. Yet the harm asserted in Beasley's preliminary-injunction motion is primarily stolen or destroyed papers, including legal materials, retaliation for complaining about stolen or destroyed papers, lack of access to the law library, and mail tampering. This all occurred in May 2017 or within a few months thereafter.

\* \* \*

True, under Beasley's account, there are some connections between the personnel and conduct alleged in the complaint and the harm Beasley seeks to enjoin. But they are no different than in *Devose*. And the purpose of preliminary-injunctive relief is to stop the conduct alleged in the complaint as a means of preventing irreparable harm (pending trial). [] Here, the conduct alleged in the complaint centered on correctional officers' harassment and retaliation related to a writing on Beasley's cell door.

Thus, enjoining the conduct alleged in the complaint would do little to prevent the harm Beasley says he is now suffering. [] *See Omega*

> [*World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)] ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action.").

*Beasley*, 2018 WL 272682, at *5-6 (internal citations omitted).

The parallels between *Beasley* and Thomas-El's case are clear. Whereas in his original complaint, Thomas-El complains about an alleged retaliatory transfer by certain prison officials at JCF, his motion for preliminary injunction complains about different conduct, by different individuals, at a different facility. Accordingly, while the conduct he alleges is concerning, it would be improper for the Court to enjoin the non-parties accused of that conduct. *Id.*

### IV. CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that Thomas-El's Motion for a Preliminary Injunction and a Temporary Restraining Order **(ECF No. 91)** be **DENIED**.

Dated: July 15, 2021　　　　　　　　　　s/David R. Grand  
Ann Arbor, Michigan　　　　　　　　　　DAVID R. GRAND  
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v.*

*Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 15, 2021.

                                                          s/Eddrey O. Butts
                                                        EDDREY O. BUTTS
                                                        Case Manager